UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
SEP 0 8 2006



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 03-40006 |
| Plaintiff, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| CURTIS CRAIG CORNELISEN; and MATTHEW ALAN CORNELISEN, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is the Government's Motion for Additional Restitution, Doc. 96. The Court held a hearing on July 28, 2006, to determine the total amount of restitution to be paid by the Defendants. The parties informed the Court during the restitution hearing that they had reached a stipulation that the Defendants' fraudulent activity started December 1, 2000. After hearing evidence, the Court announced it would take the matter under advisement, but ruled that the following amounts would be ordered as restitution to the following victims: (1) $164,400 to the victims stipulated to by the parties; (2) Mr. Eric Uetz in the amount of $4,345; and (3) Mr. Conley, $13,000 that was agreed to by the parties, with the remainder of Mr. Conley's request taken under advisement.

After the Court announced the above rulings, the Government informed the Court that Mr. Uetz is asking that the three other victims on Exhibit 1, former employees of Defendants, also be awarded damages. Exhibit 1 is a Settlement Agreement reached between the Defendants, Mr. Uetz and the three other former employees regarding unpaid past wages. The Court noted that the three other victims had not filed claims and did not appear at the restitution hearing, but the Court stated that it would consider the other three victims' claims following the hearing.

Restitution is required in this case pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii), because Defendants were convicted of "an offense against property" under Title 18 and identifiable victims suffered pecuniary loss. The Government bears the burden of proving by a preponderance of the evidence the amount of loss suffered by each victim as a result of Defendants' offenses. *See United States v. Young*, 272 F.3d 1052, 1056 (8th Cir. 2001) (quoting 18 U.S.C. § 3664(e)).

On August 17, 2006, the Government filed a Motion for Additional Restitution, Doc. 96, requesting that the amounts discussed below be included as restitution in the final judgment. The first request is for the three other former employees' claims for past unpaid wages. Mr. Uetz appeared at the restitution hearing on July 28, but the three additional former employees could not be present. The three additional employees, Jeffrey Frohwein, Adam Oswald, and Justin Sperlich, all believed that by sending the Settlement Agreement to the United States Attorney's Office, they were preserving their restitution claims. They further believed Mr. Uetz's presence would be sufficient to preserve their restitution claims. For the same reasons the Court found Mr. Uetz is entitled to restitution for unpaid wages, the Court finds the following former employees, who reached a Settlement Agreement with Defendants, are entitled to restitution in the following amounts: Jeffrey Frohwein, $4,168.45; Adam Oswald, $2,773.36; and Justin Sperlich, $1,913.28. Although the Settlement Agreement states Defendants agreed to pay Jeffrey Frohwein a total of $5,068.45 and to pay Adam Oswald $3,248.36, the Government only requested $4,168.45 and $2,773.36, respectively, in its Motion, Doc. 96. The Government sent a letter to the Court dated August 3, 2006, requesting the higher amounts for Frohwein and Oswald, but later filed the Motion including the lower amounts.

The second request for additional restitution is for Bruce Sankin. Mr. Sankin is a former employee of Defendants and he submitted a letter from the South Dakota Department of Labor indicating he was awarded a default judgment in the amount of $25,846.10 for failure to pay wages. The letter from the Department of Labor states, "[a]s of the end of 2000, Matttech owed $25,846.10, for which we sought civil judgment in the South Dakota courts." (Doc. 96, Ex. 1.) Defendants, however, submitted a letter from the South Dakota Department of Labor dated August 29, 2006,

stating that "the South Dakota Department of Labor does not have a default judgment against MattTech, Inc." (Doc. 99, Ex. 1.) The August 29, 2006, letter further states "[o]ur office did find wages due Bruce Sankin and a payment agreement was drawn up, however MattTech failed to follow through on said agreement and our office was no longer able to locate anyone associated with this company." (*Id.*)

The Court will deny the request for additional restitution to Mr. Sankin for two reasons. First, the parties stipulated that Defendants' fraudulent activity commenced on December 1, 2000. The letter submitted by the Government on behalf of Mr. Sankin states that his claim was for wages owed to him "as of the end of 2000." Thus, with the exception of one month the wages Mr. Sankin claims were unpaid did not accrue during Defendants' criminal activity. Second, Mr. Sankin did not obtain a Judgment against or reach a Settlement Agreement with Defendants. The Court finds the Government did not demonstrate by a preponderance of the evidence that Mr. Sankin was a victim of the offense for which Defendants were convicted.

The final issue under advisement is the amount of restitution Defendants owe to Mr. Ivan Conley. Mr. Conley was hired as the National Sales Director for Defendants' company, CoreFactory Dakota Homes. He began employment in 2001 and resigned on June 25, 2002. The total amount of restitution he is claiming is $41,443. His claim is made up of the following amounts: (1) $8,000 for unpaid wages in June, July and August 2001, for which Defendants gave him checks that were not returned for insufficient funds; (2) $500 for unpaid wages in April 2002, for which Defendants gave him a check that was returned for insufficient funds; (3) $2,843 in moving expenses Defendants promised to, but failed to, pay him when he accepted employment with Defendants; (4) $5,000 for a loan Mr. Conley's father-in-law made to Defendants that Mr. Conley paid for Defendants; (5) $19,600 for 10 pay periods in 2002 at $2,000 each, minus $400 cash Defendants gave him; (6) $5,500 for three pay periods in 2001 at $2,000 each, minus $500 cash he received from Defendants on December 21, 2001. The total requested restitution by Mr. Conley is $41,443. The Defendants agreed at the hearing that Mr. Conley was entitled to restitution in the amount of $13,000, but they objected to the remainder of his claim. One of the Defendants' arguments was that Mr. Conley was

3

sophisticated enough to realize that the Defendants' company was failing and he continued to work knowing the company would not likely be able to pay him. The Court disagrees with Defendants. Mr. Conley's background was selling advertisements. The Court finds that Mr. Conley was neither a sophisticated business person or investor, nor an entrepreneur. Further, the Court finds that Mr. Conley was directly harmed by the Defendants' criminal conduct in the course of their criminal scheme and that Mr. Conley sustained $41,443 in losses as a result of the Defendants' criminal offenses. *See* 18 U.S.C. § 3663A(a)(2); *Young*, 272 F.3d at 1056. Thus, the total restitution awarded to Mr. Conley is $41,443. Accordingly,

IT IS ORDERED:

1. That the Defendant's Motion for Additional Restitution, Doc. 96, is granted as to the request for Jeffrey Frohwein, Adam Oswald and Justin Sperlich, and is denied as to the request for restitution to Bruce Sankin.

2. That based upon the Court's oral ruling on July 28, 2006 and this Opinion, the Court orders the following restitution, to be paid by Defendants, joint and several: (a) $164,400 to the victims and in the amounts stipulated to by the parties; (b) $4,345 to Eric Uetz; (c) $4,168.45 to Jeffrey Frohwein; (d) $2,773.36 to Adam Oswald; (e) $1,913.28 to Justin Sperlich; and (f) $41,443 to Ivan Conley.

Dated this ___ day of September, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)      DEPUTY

4